United States District Court
Southern District of Texas
**ENTERED**
September 29, 2026
Nathan Ochsner, Clerk

**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION**

| | | |
|---|---|---|
| WILLIAM-DAVID OWENS, JR., | § | |
| | § | |
| *Plaintiff*, | § | |
| VS. | § | CIVIL ACTION NO. 4:25-cv-4498 |
| | § | |
| CARLSEN MOORING AND MARINE SERVICES, LLC, | § | |
| | § | |
| | § | |
| *Defendant*. | § | |
| | § | |

**ORDER**

Pending before this Court is Defendant Carlsen Mooring and Marine Services, LLC's ("Carlsen") Motion to Dismiss Plaintiff's Amended Complaint (Doc. No. 23). After close consideration of the pleadings and relevant legal standards, the Court **DENIES** Carlsen's Motion to Dismiss; instead, the Court **COMPELS** arbitration and **STAYS** all claims pending arbitration.

## I. Background

This is a wrongful termination dispute. Plaintiff William-David Owens, Jr. ("Owens") alleges that he was terminated by his employer, Carlsen, following an injury that occurred on or about February 10, 2025 while working aboard a ship. (Doc. No. 16 at 2). Owens claims that, though he was promised continued employment during recovery, Carlsen terminated his employment despite the fact that he was cleared to work. (*Id.* 2–3). Owens alleges that this termination occurred shortly after he disclosed his tribal nationality and status as a "sovereign" Native American, in addition to his religious beliefs. (*Id.* at 2). Owens alleges that he filed a charge with the Equal Employment Opportunity Commission ("EEOC") and received a Notice of Right to Sue letter on or about July 2025. (*Id.* at 2).

Two months later, Owens filed a complaint in this Court alleging various claims relating to his termination. (Doc. No. 1). In response, Carlsen filed two motions: a Partial Motion to Dismiss (Doc. No. 13) and Partial Motion to Dismiss or, in the Alternative, Motion for More Definite Statement. (Doc. No. 14). Owens then filed his First Amended Complaint. (Doc. No. 16). Carlsen subsequently moved to withdraw their prior motions to dismiss. (Doc. Nos. 38, 39). Carlsen requested within those motions that this Court still consider the briefing contained therein as incorporated by reference to avoid duplicative filings. (Doc. Nos. 38, 39). This Court granted these two motions to withdraw. (Doc. Nos. 44, 45).

As a result, the live pleading in this case is Owens' First Amended Complaint, which asserts five claims against Carlsen: (1) violations of Title VII of the Civil Rights Act of 1964 ("Title VII") for national origin and religious discrimination; (2) violations of 42 U.S.C. § 1981 ("§ 1981") for ancestry and national origin discrimination; (3) violations of the Family and Medical Leave Act ("FMLA") for interference and retaliation; (4) breach of contract and bad faith termination in violation of a Wage Advance & Arbitration Agreement; and (5) retaliation claims. (*Id.* at 3–4). Plaintiff seeks various forms of relief, including damages, declaratory relief, injunctive relief, and attorneys' fees. (*Id.*).

Carlsen has filed a Partial Motion to Dismiss addressing the First Amended Complaint. (Doc. No. 23). Owens responded (Doc. No. 26), and the Motion is now ripe for resolution.

## I. Legal Standard

Carlsen moves this Court pursuant to Fed. R. Civ. P. 12(b)(6) and 12(b)(3) to dismiss the claims asserted by Owens. (Doc. No. 23 at 1). Since the 12(b)(3) motion concerns an alleged arbitration agreement, the Court considers these arguments first before considering arguments that go to the merits of Owens' claims.

Defendant moves this Court to dismiss without prejudice Plaintiff's FMLA claims (Count Three) and breach of contract and bad faith termination claims (Count Four) for improper venue. The basis of Carlsen's motion to dismiss for improper venue is not a traditional venue argument but rather seeks dismissal based on an alleged arbitration agreement.[1]

A court may consider materials beyond the face of the complaint when evaluating a motion to dismiss pursuant to 12(b)(3). *Ambraco, Inc. v. Bossclip B.V.*, 570 F.3d 233, 238 (5th Cir. 2009) (quoting *Ginter ex rel. Ballard v. Belcher, Prendergast & Laporte*, 536 F.3d 439, 449 (5th Cir. 2008)).[2] Carlsen attached a copy of the disputed agreement to their Partial Motion to Dismiss the Amended Complaint as an exhibit. (Doc. No. 23-1). Accordingly, this Court may properly consider Carlsen's 12(b)(3) motion and accompanying exhibit to evaluate the enforceability of the arbitration agreement. (Doc. Nos. 23, 23-1).

## II. Analysis

### a. Whether Delegation Clause Precludes Judicial Determination of Arbitrability

A threshold inquiry when evaluating an arbitration agreement is to which decisionmaker—namely, the court or the arbitrator—the agreement delegates decisionmaking authority.

Procedural questions of whether an arbitration agreement is enforceable or applicable to certain claims sometimes must themselves be arbitrated. In *Hill v. Jackson Offshore Holdings*, the Fifth Circuit considered an arbitration agreement entered into by an injured seaman. 175

[1] The Court acknowledges that one could interpret Defendant's venue argument to not only concern the issue of arbitration, but also the proper geographic district. Nevertheless, the geographic argument concerns the proper location of *arbitration*. (Doc. No. 23 at 7) ("The arbitration itself must be initiated in the City of New Orleans, which is in the Eastern District of Louisiana and as such venue in this court, the Southern District of Texas, is improper"). As such, this Court interprets this argument as enveloped within the argument regarding arbitration, rather than making a separate improper venue argument.

[2] The Wage Advance & Arbitration Agreement is also referenced in Plaintiff's First Amended Complaint as the basis for his breach of contract claims. (Doc. No. 16). Accordingly, the Court can consider it in this Motion to Dismiss context. *Villarreal v. Wells Fargo Bank, N.A.*, 814 F.3d 763, 766 (5th Cir. 2016) (citations omitted) ("The court may, however, also consider '[d]ocuments that a defendant attaches to a motion to dismiss … if they are referred to in the plaintiff's complaint and are central to her claim'").

F.4th 324, 327 (5th Cir. 2026). The agreement provided for required maintenance and cure benefits, in addition to supplemental benefits which were to be treated as an "advance" against any subsequent settlement, arbitration award, or judgment. *Id.* In exchange for these supplemental benefits, the agreement provided that the employee submit any claims to arbitration. *Id.* The agreement contained a "delegation provision," which stated that "'any dispute relating to the validity, interpretation, or application of this Agreement shall be submitted to the arbitrator for resolution.'" *Id.* The plaintiff challenged the motion to stay and compel arbitration on the grounds that the agreement was obtained by fraud and/or economic duress. *Id.* at 332.

In concluding that the delegation provision required the resolution of these issues by the arbitrator, the Fifth Circuit employed a severability principle. *Id.* at 335. As plaintiff's arguments as to invalidity went to the enforceability of the agreement as a whole, rather than specifically directed at the delegation clause, the court could enforce the delegation provision. *Id.* at 334–35 ("Hill never explained *how* he was fraudulently induced into agreeing to the delegation clause specifically or how economic duress compelled him to agree to that clause specifically"). As such, the court, in enforcing the delegation clause by its terms, concluded that these issues of enforceability were not properly before the court, but rather were questions for the arbitrator. *Id.*

The Court now turns to the alleged agreement before it, which is notably similar to that at issue in *Hill*. The alleged arbitration agreement provides for required and supplemental benefits to an injured seaman, Owens, in exchange for an agreement to arbitrate claims. (Doc. No. 23-1 at 1).[3] The agreement contains a similar delegation clause, stating: "I also agree that any dispute

[3] The specific clause in the Wage Advance & Arbitration Agreement is as follows: "[I]n exchange for the Company's Agreement to provide this additional payment / advance, I understand and agree that if I choose to make any claims against the Company, its vessels, or employees for any alleged negligence under the Jones Act; for alleged unseaworthiness; or for any alleged failure to pay maintenance and cure because of any injury or illness I have

relating to the validity, interpretation, or application of this agreement shall be submitted to the arbitrator for resolution." (*Id.*).

Plaintiff's first reference to the arbitration agreement is as a basis for his breach of contract and bad faith termination claim. (Doc. No. 16 at 3). In response to Carlsen's motion to dismiss, nevertheless, Owens makes various challenges to the enforceability of the agreement, including that it is not fully executed, that it lacks mutual assent and consideration, and that it was entered into under economic duress. (Doc. No. 26 at 2). The only reference to the delegation clause is that the "cited agreement does not unmistakably delegate authority to the arbitrator." (*Id.*). Like in *Hill*, none of the challenges to enforceability articulate why the delegation provision in specific, as opposed to the agreement writ large, should not be enforced. *Hill*, 175 F.4th 324 at 334–35. Accordingly, this Court determines that these questions of applicability and enforceability are not properly before it but rather should be determined by an arbitrator.

Defendant's motion to dismiss pursuant to 12(b)(3) is limited to Plaintiff's FMLA and breach of contract and bad faith termination claims. Nevertheless, since this Court has determined that the delegation provision is enforceable, which includes a grant of authority to the arbitrator to determine the "validity, interpretation, or application" of the agreement, the Court declines to evaluate any of the claims until the arbitrator determines which are governed, if any, by the arbitration agreement.[4]

**b. Whether a Stay or Dismissal is Appropriate Pending Arbitration**

---

suffered; or for any other reason, I will submit any such claims to binding arbitration in New Orleans, Louisiana, or such other venue as may be deemed appropriate by the arbitrator appointed to administer and conduct the Arbitration under the Comprehensive Arbitration Rules and Procedures of the Society of Maritime Arbitrators, Inc. ("SMA")." (Doc. No. 23-1 at 1).

[4] The Court acknowledges that an argument could be made that Plaintiff's discrimination claims may be beyond the scope of the arbitration agreement, and that only the claims relating to Plaintiff's injury or illness are subject to arbitration. In any event, as all the claims, including the discrimination claims, center around Plaintiff's termination, the Court submits these issues to the arbitrator to determine the scope of the agreement. (Doc. No. 16 at 2).

This Court next turns to the question of whether a stay or dismissal is appropriate pending the determination by an arbitrator as to the validity and applicability of the arbitration agreement before the Court. Carlsen, by utilizing various 12(b) motions, has moved this Court to dismiss the claims.

The Supreme Court resolved a longstanding circuit split as to whether a district court had discretion to dismiss, rather than stay, a lawsuit pending arbitration. *Smith v. Spizzirri*, 601 U.S. 472, 478–79 (2024). In a unanimous ruling, the Court held that district courts lack discretion to dismiss the case pending arbitration when a party requests a stay. *Id.* The Court reasoned that a stay, as opposed to dismissal, comports with the text, structure, and purpose of § 3 of the Federal Arbitration Act ("FAA"), citing the Act's mandatory language and the "supervisory role" for courts that the FAA's provisions contemplate.[5] *Id.* at 478–79. As such, the Court held when a court concludes that an issue is arbitrable and a party requests a stay pending arbitration, a district court must stay, as opposed to dismiss, the suit on that basis. *Id.*

Before this Court, on the other hand, is a different procedural posture: Neither party has formally requested a stay pending arbitration. Defendant has asked this Court to dismiss the claims. (Doc. No. 23 at 8). Plaintiff has asked the Court to refuse to enforce the arbitration agreement. (Doc. No. 26 at 2). In *Cunningham v. Plainscapital Bank*, the Fifth Circuit recently considered the issue of whether a district court should stay or dismiss claims pending arbitration when parties fail to request a stay. No. 25-20363, 2026 WL 2280606, at *4 (5th Cir. Aug. 7, 2026). As here, defendants in *Cunningham* filed various 12(b) motions, seeking dismissal of Plaintiff's claims. *Id.* at *2. While reversing the lower court's dismissal of a claim based on the merits (as the issues should have gone to arbitration), the Fifth Circuit nevertheless provided

[5] The FAA envisions this "supervisory" role for courts by providing mechanisms for courts to: appoint arbitrators, enforce arbitrator subpoenas, and enforce arbitral awards. *Smith*, 601 U.S. 472 at 478.

discretion to the lower court to decide, upon remand, whether a stay or dismissal without prejudice is appropriate pending arbitration. *Id.* at *4. ("Because PlainsCapital did not request a stay pending arbitration, we also remand for the district court to determine whether to stay the case pending arbitration or dismiss without prejudice on that basis.").

This Court interprets *Cunningham* to provide a district court with discretion when there is before it no request to stay pending arbitration, as is the case here. Accordingly, as the Court is dealing with a self-represented litigant and is aware of potential statute of limitations implications of a dismissal, the Court concludes that a stay is the most just and equitable remedy pending arbitration.

## III. Conclusion

In conclusion, the Court **COMPELS** arbitration and **STAYS** the proceedings in this Court pending arbitration. The arbitrator, as per the delegation clause, must determine which claims are governed by the agreement and/or whether the arbitration agreement is enforceable. This case is administratively closed. If either party needs to reopen this matter, they should file a motion and attach a copy of this Order.

It is so ordered.

Signed on this the 29th day of September, 2026.

Andrew S. Hanen
United States District Judge